# Court of Criminal Appeals of Texas

62,754-02

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 06 2015

Abel Acosta, Clerk

Petitioner: Ernest Martin
   Vs.

## Identity of Parties and Counsel

Respondent: Judge's Name Leonard Giblin, Jr.
Who no longer serve as a state district Judge.
Respondent: District Attorney's Name Rodriguez, Ramon
Who no longer serves as a District Attorney
Respondent: Defense Attorney's Name Rojas, Charles

## Identity of New Parties

Respondent: Judge's Name Steven  252 Dist. Court
Judge Presiding
Respondent: District Attorney's Name Tom Maness

## Writ of Error

Petitioner Pro Se
Ernest Martin #1042741
W.P. Clements Unit
9601 Spur 591
Amarillo, Tx. 79107

# Index

| | PAGE |
|---|---|
| Identify of Parties and Counsel | 1. |
| Identity of New Parties | 1. |
| Writ of Error | 1. |
| Statement of Case | 3. |
| Statement of Jurisdiction | 3. |
| Point of Error | 4. |
| Brief of the Argument | 4,5 |
| Prayer for Relief | 5. |
| Order | 5. |

## Case Law and Authority

Ex Parte Morris Cr. App. 1924) Tex. Crim. 256,257     3.
S.W. 894

Harris V. State 76 Tex. Crim. 126,172 S.W 995     2.
The Court has found a right for a defendant to charge his plea from guilty to not guilty if the request is timely.
Jackson V. State 590 S.W. 2d 514,515 (Tex. Crim. App. 1979): Gottson V. State 940 S.W. 2d 181,186,1996 W.L. 743483 (Tex. App.-- San Antonio 1996, pet.     2.
Galvan V. State 525 S.W. 2d 24,26 (Tex. Crim. App. 1975): Hinkle V. State 934 S.W. 2d 146,149 (Tex. App. San Antonio 1996, pet. Ref'd): Tovar Torres V State 860 S.W. 2d 176,178 (Tex. App.--Dallar 1993, No pet.)

## STATEMENT of CASE

PETITIONER WAS CONVICTED IN CAUSE NO. 81758 of the offense of AGGRAVATED kidnapping and a habitual felony offender and punishment was assessed at forty (40) year in the institutional Division of the Texas Department of Criminal Justice. A Motion for New Trial was timely filed on April 4, 2001. The Motion for New Trial was denied by Judge Leonard Giblin on April 6, 2001.

## STATEMENT of JURISDICTION

ART. 44.02  42-[Jurisdiction] Finality of Judgment. A Judgment of conviction is an indispensable requisite to the right of appeal in a criminal case and such facts must be made to appear before the court of criminal Appeals can entertain [Jurisdiction]. Ex Parte Morris Cr. App. 1924) Tex. Crim. 256, 257 S.W. 894.

## Point of Error

1. Before the Judge Admonished the Petitioner made a verbally request known first to Counsel that he wanted to withdraw his guilty plea but Counsel did not take time out to relay that information over to the Judge that the Petitioner had changed his mind and did not want to accept the State plea bargain. Petitioner attempted to withdraw his guilty plea in a timely manner before sentencing and judgment by the Trial Court. And that request was denied.

2. There was no factually sufficient evidence that was presented before the Grand Jurors to show that Petitioner had knowledge or knew that the complainant Carolyn Guillory was at the Mae's Club and there is nothing to show that he made plans on going to the Mae's Club to abduct the complainant

3. The evidence is factually insufficient to show that Petitioner intentionally and knowingly abduct Carolyn Guillory and was in possession of a deadly weapon, to wit a firearm.

4. There was never an affirmative finding of a weapon to be offer into evidence to be presented before the Grand Jurors. The evidence that's needed to support the elements of Aggravated kidnapping, intentionly and knowingly abduct, and in possession of a deadly weapon to wit a firearm.

## Brief of the Argument

Petitioner contends that had Counsel made it known to him that the State Attorney was not inclined to accept his request to abandoned the habitual offender enhancement paragraphs and the allegation of a firearm would not be included in the charge and the offense would be reduce, Petitioner was inclined to withdraw his guilty plea after the elaboration of the charge coming from the Judge stating Aggravated kidnapping.

4

PETITIONER CONTENDS THAT he would NOT have pleaded guilty AND would have INSISTED on going TO TRIAL AND he would have been ACQUITTED OR if convicted, would NEVER the less have been given A SHORTER SENTENCE than he ACTUALLY RECEIVED. The RECORD Thus, support prior To the Court ACCEPTANCE AND Ruling of the plea AGREEMENT The Judge ASKed the PETITIONER WHETHER he had ANYThing TO SAY AND on the SAME day on JANUARy 23, 2001, PETITIONER RESPONSE was A "YES" AND openly REQUESTED THAT he WANTED TO withdraw his guilty plea.

The TRIAL Court ERRED IN REFUSING TO Allow PETITIONER TO withdraw his guilty plea AND the Judge ENTERED the plea INTO EVIDENCE RENDING PETITIONER plea NOT freely voluntarily AND intelligently given this CONSTITUTIONAL violation voids said plea AND OR SENTENCE. I'M REQUESTING this honorable Court IN the INTEREST of justice TO ORDER the RECORD from the TRIAL Court IN making A just Ruling,

<u>PRAYER FOR Relief</u>

The VERDICT IN This CAUSE is THEREFORE CONTRARy TO the law AND the AVAilable EVidence which WAS NOT PRESENTED.

Wherefore, PREMISES CONsidered, DEFENDANT prays that the Court SET ASide the JudgMENT of CONVICTION ENTERED IN this CAUSE AND order A NEW TRIAL ON The MERITS.

Respectfully, Submitted
Ernest Martin

Signed this 31 day of July, 2015

<u>ORDER</u>

On _____ 2015, CAME ON TO bE CONSidered ERNEST Guy MARTIN WRIT of ERROR, AND SAid MOTION is hERE by

(GRANTED) (DENIED)